THE COLONIAL LIFE INSURANCE COMPANY OF AMERICA, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND CITY OF JERSEY CITY, RESPONDENTS.

Submitted October 1, 1940—Decided March 7, 1941.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *William R. Gannon.*

For the respondents, *Frank P. McCarthy* and *James A. Hamill.*

The opinion of the court was delivered by

CASE, J. The writ of *certiorari* brings up a judgment of the State Board of Tax Appeals which concerns an assessment for the year 1939 on a property designated as Block 528½, Lot 13, No. 552-62 Newark avenue, Jersey City. The assessment was "Land $6,300, Improvements $18,700, total $25,000." The State Board of Tax Appeals reduced the assessment on land to $6,100 and on improvements to $16,900, total $23,000. The property is what is known as an "inside property," with an entrance on Newark avenue and a second entrance on another highway. The building was formerly used as a garage and is now used as an athletic arena. The structure is built of brick with a frame roof supported on steel trusses. It is steamheated and sprinklered and has toilets and wash rooms. Prosecutor produced a real estate expert who testified that in his opinion the property would have brought at private sale, October 1st, 1938, the sum of $14,400, allocated $3,000 to land and $11,400 to building. The witness, in support of his testimony, handed in a table

showing twelve sales of real estate in various parts of the city. The respondents put in expert testimony that the value of the property on the assessing date was $28,200, allocated $6,800 to land and $21,400 to building. The respondents further proved that the building contained 222,771 cubic feet; that the replacement cost as of the assessing date was eighteen cents per cubic foot or $40,100, from which $17,100 was deducted for depreciation and obsolescence, leaving a sound value as of the assessing date of $23,000, equivalent to $2.05 per square foot. The assessment aggregating $25,000 had been annually imposed from the year 1931 onward. The assessments preceding 1931 do not appear.

The burden is on the appellant. The testimony adduced does not persuade us that the board erred in its determination. The table of figures relating to the sale of the designated properties means practically nothing to us, for the reason that it is not interpreted in terms of comparison with the property under review or in terms of comparison with any of the other properties therein enumerated. For illustration: It disclosed under Numeral 1 that 764 Montgomery street "Good Value Realty," a plot 100 by 192 with a one-story brick garage, was sold July 9th, 1934, for $79,000, which is analyzed as land $26,000, building $53,000. But what does that mean in terms of the instant assessment? The testimony does not tell.

The writ is dismissed, but without costs.